UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CORY LISENBEE,**

    **Plaintiff,**

v.                                                        Case No: 6:22-cv-1565-RBD-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____ /

## ORDER

To facilitate the prompt disposition of this case by the Court, the parties are **ORDERED** to prepare and file any Brief as contemplated by Rules 6, 7, and 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) in the format as set forth below.

    **I.**    **Procedural History**

A statement of the course of proceedings of this matter before the Social Security Administration and any previous proceedings in the federal courts, including citations to the page number(s) of the transcript or the docket number of the court file at which each decision by the ALJ, the Appeals Council, or a federal court can be found.

    **II.**    **Statement of Jurisdiction**

A concise statement of the statutory or other basis of jurisdiction of this Court with citations to the appropriate authority, including whether the case arises under the Social Security, Old Age, Survivors and Disability Insurance program, 42 U.S.C. §§ 401

*et seq.*; the Supplemental Security Income for Aged, Blind and Disabled program ("SSI"), 42 U.S.C. §§ 1382 *et seq.*; or some other program.

### III.  Standard of Review

The Court is familiar with the standard of review and the sequential evaluation process, so the parties should avoid boilerplate discussions of the governing legal standards. A short and plain statement of the standard of review, as stated by the United States Supreme Court or the United States Court of Appeals for the Eleventh Circuit in controlling case law, is sufficient.

### IV.  Statement of the Issues

**PLAINTIFF'S BRIEF**: Plaintiff shall identify and frame each of the disputed issues that Plaintiff raises as the grounds for reversal and remand. Each issue should be set forth in a separate subheading, as follows:

- **A.    Issue No. 1** [Example: "Whether the ALJ Properly Evaluated Plaintiff's Subjective Complaints of Pain"]

  **B.    Issue** **No. 2**, *etc.*

- Each numbered claim must include one, unique basis for relief, *e.g.*, the failure of the administrative law judge to weigh the opinion of a particular medical source. The inclusion of meritless claims in the brief will be taken into consideration in assessing the reasonableness of any fee award under the Equal Access to Justice Act.

- Each claim for relief must include the legal and factual basis for relief pursuant to that claim.

2

- Each assertion of law must be supported by citation to relevant legal authority.

- Each assertion of fact must be supported by citation to the record. The Court does not require extensive summaries of the record or the medical evidence—to the extent a particular portion of the record is relevant to a particular claim for relief, that portion of the record should be described and argued concisely in the relevant numbered section, along with a pinpoint citation to the record.

- Plaintiff's Brief must contain a request for the specific relief requested in this case, as well as citation to legal authority supporting that request for relief.

- Pursuant to controlling Eleventh Circuit precedent, any legal or factual claim that is not supported by citation or is raised in a perfunctory or conclusory manner will be deemed waived—in particular, the Court will not consider shotgun-style arguments.

**COMMISSIONER'S RESPONSE BRIEF:** The Commissioner shall respond to each of the issues raised by Plaintiff. Specifically, the Commissioner's Brief must contain numbered sections that correspond directly to each of Plaintiff's numbered claims for relief. If the Commissioner fails to respond directly to a numbered claim, the Court will deem that failure a concession and the claim unopposed.

- Each numbered response to a claim must include the legal and factual basis for the opposition to that claim.

- Each assertion of law must be supported by citation to relevant legal authority.

- Each assertion of fact must be supported by citation to the record. The Court does not require extensive summaries of the record or the medical evidence—to the extent a particular portion of the record is relevant to a particular claim for relief, that portion of the record should be described and argued concisely in the relevant numbered section, along with a pinpoint citation to the record.

- Pursuant to controlling Eleventh Circuit precedent, any legal or factual response to a claim that is not supported by citation or is raised in a perfunctory or conclusory manner will be deemed waived—in particular, the Court will not consider shotgun-style arguments.

- The Commissioner's Brief must contain a response to the request for relief made by Plaintiff, as well as citation to legal authority supporting that response.

**PLAINTIFF'S REPLY BRIEF**: Plaintiff's Reply Brief may only address legal or factual assertions raised by the Commissioner in the Commissioner's Brief. Plaintiff may not assert any new legal theory or assert any new claim for relief. As with Plaintiff's Brief, each assertion of law or fact must be supported by pinpoint citation.

**V.     Oral Argument**

4

Oral argument may be requested by separate motion. Motion practice under Federal Rules of Civil Procedure 12(c) (judgment on the pleadings) or Rule 56 (summary judgment) is considered inappropriate.

## VI. Extensions of Time

If the parties have not consented to the undersigned's jurisdiction in this matter, each party will receive **no more than one extension of time for a period of no more than 45 days** to allow time for issuance of a Report and Recommendation, objections, responses to objections, and consideration of the Report and Recommendation by the District Judge. If the parties have consented to the undersigned's jurisdiction, further extensions will be considered, if necessary.

DONE AND ORDERED in Orlando, Florida, on December 1, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party