## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CORY LISENBEE,

          Plaintiff,

v.                                    Case No: 6:22-cv-1565-DCI

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

_____

## MEMORANDUM AND OPINION[1]

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying his application for Supplemental Security Income (SSI). In a decision dated February 28, 2022, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, since February 25, 2020, the date the application was filed. R. 20.

Having considered the parties' memoranda (Docs. 19, 20) and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

### I.     Issue on Appeal

Claimant argues on appeal that the ALJ erred in evaluating Claimant's trigeminal neuralgia condition. Doc. 19 at 3.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Doc. 14.

## II.       Standard of Review

As the Eleventh Circuit has stated:

In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted).   "With respect to the Commissioner's legal conclusions, however, our review is *de novo.*" *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III.      Discussion

Claimant's sole issue on appeal is that the ALJ's evaluation of his subjective complaints is flawed because the ALJ failed to consider the intermittent nature of his trigeminal neuralgia disorder.   Doc. 19 at 3–5.   The Commissioner responds that "[s]ubstantial evidence supports the ALJ's evaluation of [Claimant's] subjective complaints and RFC, and the ALJ properly considered [Claimant's] trigeminal neuralgia in that evaluation."   Doc. 20 at 4.

In addition to the objective evidence of record, the Commissioner must consider all of the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence.   *See* 20 C.F.R. § 416.929(a). A claimant's statement as to pain or other symptoms shall not alone be conclusive evidence of disability, however.   42 U.S.C. § 423(d)(5)(A).   To establish a disability based on subjective symptoms, a claimant must show:

(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).  If this step is satisfied, the ALJ then "evaluate[s] the intensity and persistence of an individual's symptoms such as pain and determine[s] the extent to which an individual's symptoms limit his or her ability to perform work-related activities."  SSR 16-3p, 2017 WL 5180304, at *4 (Oct. 25, 2017); *see also* 20 C.F.R. § 416.929(c).  In evaluating intensity and persistence, the ALJ considers "all of the available evidence from [a claimant's] medical sources and nonmedical sources[,]" including objective medical evidence, daily activities, precipitating and aggravating factors, medications and treatments available to alleviate symptoms, the type, dosage, effectiveness, and side effects of medications, and other factors concerning functional limitations and restrictions due to pain or other symptoms.  20 C.F.R. § 416.929(c); SSR 16-3p, 2017 WL 5180304, at *5–7.  If the ALJ elects not to credit a claimant's subjective testimony, she must articulate explicit and adequate reasons.  *Dyer*, 395 F.3d at 1210 (quotation and citation omitted).  In the end, subjective complaint evaluations come within the province of the ALJ.  *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citations omitted).  A reviewing court will not disturb a clearly articulated finding regarding a claimant's subjective complaints supported by substantial evidence in the record.  *Id.* (citing *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) (per curiam)).

Here, the ALJ acknowledged Claimant's testimony that "he [was] unable to work because [sic] facial pain that limits his ability to perform activities of daily living."  R. 14, 39–40.  However, the ALJ found "[a]fter careful consideration of the evidence," that while Claimant's "severe impairments could reasonably be expected to cause the alleged symptoms[,]" Claimant's "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record."  R. 14.  In

reaching this conclusion, the ALJ considered Claimant's activities of daily living, his treatment history, and prior administrative medical findings.

First, the ALJ considered Claimant's activities of daily living, noting "that he spent his time watching television, making simple meals, driving, walking, shopping, and performing yoga." R. 14, 43–44, 236–39, 253–56.  Next, the ALJ considered Claimant's treatment history, noting that despite complaints of facial pain and diagnosis of trigeminal neuralgia, there were "periods of no treatment for this condition."  R. 14, 40, 370 (November 9, 2018 treatment note revealing that "[t]his pain has been treated with: no treatment").  The ALJ also noted that Claimant "refused recommended treatments including Gabapentin, Cymbalta, or Lyrica neuropathic pain agents because he did not like the side effects" although "there [was] no indication the side effects were severe enough that [his physician] stopped recommending these medications."  R. 14, 355–56.  Moreover, "[i]n July 2021, another physician prescribed Gabapentin to [C]laimant with no indication of complaints of intolerance or medication side effects from [C]laimant[,]" and "[i]n January 2022, . . . [C]laimant requested an increase of the Gabapentin dosage."  R. 14, 360–61, 385, 398.  The ALJ further noted "that no surgical intervention was recommended as of early 2020, and [C]laimant was referred to a neurologist."  R. 14–15, 41, 292, 357, 364.

Finally, the ALJ considered and found "somewhat persuasive" the opinions of the State agency medical consultants who found Claimant able to perform light work with frequent climbing, balancing, stooping, kneeling, crouching, or crawling.  R. 18, 100–01, 118–20.  However, the ALJ found that additional nonexertional limitations were warranted. R. 13, 17–18.  In sum, the ALJ considered all of the evidence of record, accounted for Claimant's subjective complaints in the residual functional capacity (RFC) to the extent she found them consistent with

the evidence, and articulated specific reasons supported by substantial evidence to the extent she discounted his subjective complaints.

Claimant argues that the ALJ's "analysis is flawed because it is not considering the intermittent nature of trigeminal neuralgia." Doc. 19 at 4. Claimant points to his diagnosis, stating that "symptoms may include sudden severe stabbing to a more constant, aching, burning sensation." *Id.* (citing The National Institute of Neurological Disorders and Stroke). However, as the Eleventh Circuit explained, "the mere existence of these impairments does not reveal the extent to which they limit [the claimant's] ability to work or undermine the ALJ's determination in that regard." *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (citation omitted); *see also Fritts v. Saul*, No. CV 1:20-00064-N, 2021 WL 1183807, at *10 (S.D. Ala. Mar. 29, 2021) ("Fritts concludes her argument . . . by pointing to various other signs and diagnoses in the record that she claims support her subjective complaints of pain. However, . . . the fact Fritts can cite to some evidence cutting against the ALJ's credibility determination does not warrant reversal, as an ALJ's factual determinations, if supported by substantial evidence, must be upheld even if the evidence preponderates against them."). And as the Commissioner points out, "[Claimant] himself does not point to any evidence, much less objective evidence, that his own symptoms (not what the National Institute of Neurological Disorders and Stroke says his symptoms should be) were intermittent, unstable, or fluctuating to a great degree." Doc. 20 at 10. Indeed, on January 17, 2020, Claimant indicated that his pain was constant and not intermittent. R. 287; *see also* R. 364 (describing his pain "as fairly constant"). Claimant points to no medical or opinion evidence from the relevant time period indicating that his trigeminal neuralgia symptoms fluctuated to such extent as to cause work-related functional limitations greater than those included in the ALJ's RFC determination.

And to the extent Claimant asks the Court to re-weigh the evidence or substitute its opinion for that of the ALJ, it cannot.  If the ALJ's findings are based on the correct legal standards and are supported by substantial evidence – as they are here – the Commissioner's decision must be affirmed even if the Court would have reached a different conclusion.  *See Mitchell*, 771 F.3d at 782.  On this record, the ALJ did not err in considering Claimant's subjective complaints regarding his trigeminal neuralgia disorder.

IV.   **CONCLUSION**

For the reasons stated above, it is **ORDERED** that:

1.   The final decision of the Commissioner is **AFFIRMED**; and

2.   The Clerk is directed to enter judgment for the Commissioner and close the case.

**ORDERED** in Orlando, Florida on June 26, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE